FRIENDS FOR ALL CHILDREN, INC., as legal guardian and next friend of the named 150 infant individuals, et al., Plaintiff,

v.

LOCKHEED AIRCRAFT CORPORATION, Defendant and Third-Party Plaintiff,

v.

The United States of America, Third-Party Defendant.

Emma Birgit Lien McCRUDDEN, also known as Bui Kim Lien, a minor who sues By and Through her next friends and adoptive parents, Patrick G. and Anne McCRUDDEN, and by and through her guardians ad litem, Charles R. Work and Peabody, Rivlin, Lambert & Meyers, Plaintiff,

v.

LOCKHEED AIRCRAFT CORPORATION, Defendant and Third-Party Defendant,

v.

The UNITED STATES of America, Third-Party Defendant.

Civ. A. No. 76–0544.
New Civ. A. No. 84–1411.
(Old Civ. A. No. 76–0544–23).

United States District Court, District of Columbia.

Sept. 25, 1984.

## MEMORANDUM AND ORDER WITH RESPECT TO ADVERSE INFERENCE

OBERDORFER, District Judge.

On August 27, 1984, plaintiffs in these cases moved for reconsideration and/or clarification of the Court's ruling on the adverse inference issue. *Maupoint v. Lockheed Aircraft Corp.*, 587 F.Supp. 180, 188–91, 203–09 (D.D.C.1984). Defendant opposed the motion on September 12, 1984, and plaintiffs replied on September 21.

Plaintiffs ask the Court to reconsider its prior rulings on the adverse inference issue and to permit the jury in the *McCrudden* case to receive evidence about the failure of defendant and third-party defendant to produce relevant evidence and to authorize the jury to draw an adverse inference from that evidence. In the alternative plaintiffs ask the Court to clarify the Order of February 23, 1984, and the Memorandum of March 16, 1984, on the adverse inference issue.

With respect to the motion for reconsideration and the motion to permit an adverse inference in the *McCrudden* case, plaintiffs proffer that they would agree not to offer evidence on the "unrelated matters" referred to as the second ground for the Court's earlier decision not to permit proof or give any instruction relative to an adverse inference. *See* 587 F.Supp. at 190–91. Further consideration of the motion to reconsider would be facilitated by a preliminary proffer from plaintiff as to what evidence it would offer on the adverse inference issue, and by defendant as to what evidence it would adduce in response. Accordingly, plaintiff may, on or before October 10, 1984, file a proffer of evidence to go to the juries from which they might draw an adverse inference, e.g., the identity of witnesses to be called and the documents to be introduced, together with a summary of the facts to be proved. An estimate of the time required to adduce this evidence would be helpful. Defendant may

reply within 10 days after receipt of plaintiff's proffer,[1] with a proffer of its own.

Plaintiffs' request for clarification is well taken. The intention of the Orders of February 23, 1984 and the Memorandum of March 16, 1984, was to leave each judge, with the benefit of this Court's findings on this issue, free to make his or her own ruling on whether to permit a jury to draw an adverse inference. The Court did not intend to preclude any other judge from admitting this Court's subordinate findings in evidence, adopting them on a collateral estoppel theory (see *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979)) or conducting a *de novo* hearing on the issue.[2] Nor did the Court intend to preclude any other judge from adopting a different view of the applicable law on the subject, or from ruling that a plaintiff could prove—and that that judge would instruct about—adverse inference. Accordingly, page 23 of the Memorandum of March 16, 1984, is hereby MODIFIED by deleting the following two sentences:

> This ruling and the findings upon which it is based apply only to this recently completed phase of the preliminary injunction hearing and to the *Maupoint* case. The findings are not intended to apply to the cases of other foreign infant plaintiffs,

and substituting therefor, the following:

> This ruling that evidence about nonproduction of documents is not admissible in the *Maupoint* case and the finding that the "evidence is equivocal on the issue of whether Lockheed officials possessed evil intent or bad faith concerning the actual destruction of evidence by the Air Force" are not intended to be binding in the case of any other foreign plaintiff. On the other hand, no judge in any other foreign infant case is precluded from admitting as evidence, or giving collateral

estoppel effect to, the Court's subordinate findings of specific facts.

IT IS SO ORDERED.

---

1. Extensions of time will be granted only for good cause shown.

2. Defendants themselves state:

The other district judges are in a position to decide whether or not they should, under collateral estoppel or other relevant legal principles, give effect to this Court's findings. Opposition at 15.